FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 17 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VYANCA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. 1:12-CV-3257 |
| ) | |
| PENNCRO ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Vyanca Williams, ("Plaintiff") is a natural person who at all relevant times resided in the State of Georgia, County of Cobb, and City of Kennesaw.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Penncro Associates, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11.     Specifically, the allegedly owed obligation to Plaintiff arose from a personal credit card.

12.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

13.     In connection with the collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated April 4, 2012, regarding Bank of America/FIA Card Services N.A. account ending in 9850 (the "Debt"). (See Correspondence dated April 4, 2012, attached hereto as Exhibit A).

14.     Defendant's April 4, 2012 initial written communication stated, in relevant part:

> REGARDING: PAST DUE CREDIT CARD
> ACCOUNT # ENDING IN: 9850
> TOTAL ACCOUNT BALANCE: $10,060.42

15.     In its April 4, 2012 initial written communication, Defendant failed to inform Plaintiff whether the Account was subject to the accrual of interest and/or other fees or charges on the date it sent the notice.

16. Upon information and good-faith belief, at sometime after April 14, 2012, but prior to May 8, 2012, Defendant sent the Debt back to the creditor Bank of America/FIA Card Services N.A.

17. In connection with the collection of the Debt, Bank of America sent Plaintiff written communication dated May 8, 2012.

18. Bank of America's May 8, 2012 correspondence stated, in relevant part, as follows: "Your current balance is $10,181." (See Correspondence dated May 8, 2012, attached hereto as Exhibit B).

19. From the date of Defendant's April 4, 2012 correspondence and Bank of America's May 8, 2012 correspondence, the alleged debt increased from $10,060.42 to $10,181.00.

20. Further, Plaintiff's April 3, 2012 to May 2, 2012 Bank of America account statement regarding the Debt indicated that fees were charged in the amount of "$35.00" and interest charged in the amount of "$116.28." (See Bank of America Account Statement, attached hereto as Exhibit C).

21. In connection with the collection of the Debt, Defendant placed a call to a third party, Geni Butler ("Ms. Butler"), on April 27, 2012 at approximately 1:30 P.M.

22. During the April 27, 2012 telephone conversation, Defendant's agent and/or employee failed to identify himself.

23. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1)

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated 15 U.S.C. § 1692b(1) when, in connection with an attempt to collect an alleged debt from Plaintiff, its agent and/or employee telephoned a third-party and failed to identify himself.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(b)

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b *et seq.*, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt by failing to disclose that the alleged debt was subject to continually accruing interest and/or other fees and charges.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)

30.    Plaintiff repeats and re-alleges each and every allegation contained above.

31.    Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of an alleged debt, including, but not limited to: its material omission as to whether Plaintiff's alleged debt was subject to interest and/or other fees or charges.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt by failing to disclose that the alleged debt was subject to continually accruing interest and/or other fees and charges

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34.   Plaintiff is entitled to and hereby demands a trial by jury.

This 13 day of September, 2012.

ATTORNEYS FOR PLAINTIFF
VYANCA WILLIAMS

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com